UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BATIESTE GREENE, JR., <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., et al., <br><br> Defendants. | Case No. 18-cv-06689-JSC <br><br> **ORDER RE: DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 7 & 8 |

John Batieste Greene, Jr. ("Plaintiff") sued Wells Fargo Bank, N.A. ("Wells Fargo") and Affinia Default Services, LLC ("Affinia") (together, "Defendants") in the Superior Court of the State of California for the County of Contra Costa, alleging violations of California state law arising out of foreclosure proceedings.[1] (Dkt. No. 1, Ex. A at 12-13.)[2] Defendant Wells Fargo timely removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(b). (Dkt. No. 1.) Now pending before the Court are Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and accompanying request for judicial notice.[3] (Dkt. Nos. 7 & 8.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the January 3, 2019 hearing, and GRANTS Defendants' motion to dismiss with leave to amend as to the first and third causes of action and without leave to amend as to the second cause of action.

//

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9, 11, 14.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] Defendant Affinia joins in Well Fargo's motion to dismiss and request for judicial notice. (*See* Dkt. No. 12.)

**BACKGROUND**

**I.  Complaint Allegations and Judicially Noticeable Facts[4]**

The gravamen of Plaintiff's complaint is that Defendants[5] improperly initiated foreclosure proceedings while "Plaintiff was undergoing loan modification review." (Dkt. No. 1, Ex. A at ¶ 1.) Plaintiff has at all relevant times owned and resided at the subject property located at 1795 Meadows Avenue, Pittsburg, CA 94565. (*Id.* at ¶ 10.) In November 2005, Plaintiff obtained a loan of $599,000 from World Savings Bank, secured by a deed of trust.[6] (Dkt. No. 8, Ex. 1.) The loan was assigned to Wells Fargo in 2009 following a corporate merger. (Dkt. No. 1, Ex. A at ¶ 11; *see also* Dkt. No. 8, Exs. 1-3.)

On September 23, 2013, the trustee recorded a Notice of Default against the subject property. (Dkt. No. 8, Ex. 4.) In or around 2015, Plaintiff experienced financial hardship and applied to Wells Fargo "for a loan modification in order to avoid foreclosure." (Dkt. No. 1, Ex. A at ¶ 13.) During the loan modification process, Wells Fargo "asked for the same or similar documents several times despite Plaintiff having already submitted them," and initiated foreclosure proceedings, "which in turn forced Plaintiff to file for [b]ankruptcy." (*Id.* at ¶¶ 13-14.) At some point thereafter, Plaintiff again experienced financial hardship and sought "foreclosure prevention assistance" from Wells Fargo. (*Id.* at ¶ 15.) Plaintiff "submitted a complete application to [Wells Fargo] for a foreclosure prevention alternative," however, Wells Fargo "proceeded with foreclosure," and Plaintiff again filed for bankruptcy in or around July 2017. (*Id.* at ¶¶ 17-18.)

In September 2017, the bankruptcy court issued an order (*see* Dkt. No. 8, Ex. 7), confirming a Chapter 13 Plan, (*see* Dkt. No. 8, Ex. 6), "for payment of arrears to [Wells Fargo],"

---

[4] As detailed *infra* pp. 3-5, the Court grants judicial notice of certain adjudicative facts proffered by Defendants.
[5] It is undisputed that Wells Fargo is the "loan servicer and beneficiary of Plaintiff's loan," and Affinia is the "current trustee of Plaintiff's loan." (Dkt. No. 1, Ex. A at ¶¶ 4-5.) Plaintiff alleges that "each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each remaining Defendant." (*Id.* at ¶ 8.)
[6] The complaint alleges that "[i]n 2004, Plaintiff executed a Promissory Note and Deed of Trust in favor of World Savings Bank for the first-lien mortgage of the [subject property]." According to the terms of the deed, however, Plaintiff executed the Deed of Trust on November 23, 2005. (*See* Dkt. No. 8, Ex. 1 at 7.)

(Dkt. No. 1, Ex. A at ¶ 18). Plaintiff was unable to make payments under the Plan, and on August 1, 2018, the bankruptcy court granted Wells Fargo relief from automatic stay following Plaintiff's default. (Dkt. No. 1, Ex. A at ¶¶ 21-22; *see also* Dkt. No. 8, Ex. 12.) The court's order stated that Wells Fargo was free to "enforce its remedies and foreclose upon and obtain possession of the [subject property] in accordance with applicable non-bankruptcy law."[7] (Dkt. No. 8, Ex. 12 at ¶ 2.) Shortly thereafter, Plaintiff requested a loan modification from Wells Fargo and "submitted a complete loan modification application in order to avoid foreclosure," but Wells Fargo "represented to Plaintiff that further documentation was needed." (*Id.* at ¶¶ 23-24.)

On September 20, 2018, Wells Fargo recorded a Notice of Trustee's Sale, indicating that Plaintiff was in default under the Deed and a public auction would take place on October 22, 2018 unless Plaintiff took corrective action. (*Id.* at ¶ 26; *see also* Dkt. No. 8, Ex. 13.) Prior to recording the Notice, Wells Fargo did not send Plaintiff a decision regarding his "most recent loan modification application." (Dkt. No. 1, Ex. A at ¶ 37.) "Wells Fargo has voluntarily postponed the trustee's sale for the subject property to January 10, 2019." (Dkt. No. 1 at 2.)

## II. Procedural History

Plaintiff filed his complaint in the Superior Court of California County of Contra Costa on October 17, 2018, seeking injunctive relief and monetary damages. (Dkt. No. 1, Ex. A at 12.) On November 2, 2018, Wells Fargo removed the action to this Court, (Dkt. No. 1), and Defendant Affinia consented to removal, (Dkt. No. 3). Wells Fargo filed the instant motion to dismiss and accompanying request for judicial notice on November 16, 2018, (Dkt. Nos. 7 & 8); Affinia joined in the motion three days later, (Dkt. No. 12). The motion is fully briefed, and the Court heard oral argument on January 3, 2019.

## REQUEST FOR JUDICIAL NOTICE

Generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899

---

[7] The bankruptcy court's order also provides that Wells Fargo "or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement." (Dkt. No. 8, Ex. 12 at ¶ 5.)

F.3d 988, 998 (9th Cir. 2018). When such materials "'are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.* (quoting Fed. R. Civ. P. 12(d)). There are, however, "two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

Pursuant to the Federal Rules of Evidence, a judicially noticed adjudicative fact must be one "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants request judicial notice of: (1) the Deed of Trust for the subject property, "recorded in the official records of the Contra Costa County Record[er]'s Office on December 1, 2005"; (2) a letter from the U.S. Department of the Treasury, Office of Thrift Supervision, dated November 19, 2007, "authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB ("Wachovia")"; (3) certification from the U.S. Department of the Treasury, Office of the Comptroller of the Currency, "stating that effective November 1, 2009, Wachovia converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A."; (4) "Notice of Default and Election to Sell Under Deed of Trust, dated September 23, 2013, and recorded in the official records of the San Joaquin County Recorder's Office on September 24, 2013"; (5) "March 3, 2017 Proprietary Step Rate Program loan modification denial letter" purportedly sent to Plaintiff by Wells Fargo; (6)-(12) filings in the United States Bankruptcy Court, Northern District of California, Case No. 17-41903; (13) "Notice of Trustee's Sale, recorded in the official records of the San Joaquin County Recorder's Office on September 20, 2018." (Dkt. No. 8 at ¶¶ 1-13.)

Plaintiff does not oppose judicial notice of exhibits 1-4 and 6-13 or otherwise dispute their authenticity. Accordingly, the Court grants judicial notice of those documents pursuant to Federal Rule of Evidence 201(b). *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (noting that district courts may take judicial notice of "[r]ecords and

4

reports of administrative bodies").

Plaintiff does, however, oppose judicial notice of exhibit 5—the March 2017 denial letter. Plaintiff argues that the authenticity of the document is in question because "there is no attempt, via a declaration or otherwise, regarding the accuracy of the documents both in terms of the existence or the content of the letter." (Dkt. No. 13 at 3.) Plaintiff further insists that incorporation by reference is inapplicable because "a 2017 denial letter was not referenced in Plaintiff's complaint or his causes of action, which all arise out of the 2018 loan modification attempt." (*Id.*) Defendants counter that the incorporation-by-reference doctrine is applicable because the letter forms the basis of Plaintiff's claims.[8] Defendants do not address Plaintiff's argument regarding the authenticity of the March 2017 letter.

On a motion to dismiss, a court may consider "documents not attached to the complaint . . . *if no party questions their authenticity* and the complaint relies on those documents." *Harris*, 682 F.3d at 1132 (emphasis added). Here, Plaintiff questions the authenticity of the unsigned March 2017 denial letter, and Defendants' request states only that the letter's authenticity "is not believed to be in question." (*See* Dkt. No. 8 at 4.) Absent sufficient authentication and in light of Plaintiff's concerns, the incorporation-by-reference doctrine is inapplicable. Further, the letter is not a proper subject of judicial notice under Rule 201(b).

Accordingly, the Court grants Defendants' request for judicial notice of exhibits 1-4 and 6-13. The Court declines to take judicial notice of the unsigned, unauthenticated March 2017 denial letter.

**DISCUSSION**

Plaintiff brings three causes of action against Defendants seeking damages and injunctive

---

[8] Defendants further argue that the "core" of their "argument based on the Denial Letter" is that Plaintiff "is not entitled to another [loan modification]" because his loan modification application "was previously reviewed and denied." (Dkt. No. 17 at 8.) In other words, Defendants seek to incorporate the letter as a defense to Plaintiff's claims. The Ninth Circuit has noted that such use is impermissible under the doctrine. *See Khoja*, 899 F.3d at 1002-03 (noting that "[s]ubmitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts.").

5

relief for alleged violations of: (1) the California Homeowner Bill of Rights, California Civil Code § 2924.11; (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788; and (3) the Unfair Competition Law, California Business and Professions Code § 17200. Defendants move to dismiss all claims. The Court addresses each claim in turn.

## I. Homeowner Bill of Rights

Plaintiff's claim under the California Homeowner Bill of Rights ("HBOR") alleges specific violations of Sections 2924.11(a) and 2924.11(b). Section 2924.11(a) prohibits "dual-tracking" whereby a mortgage servicer pursues foreclosure while a borrower's "complete application for a foreclosure prevention alternative" is pending. Cal. Civ. Code § 2924.11(a). The section provides:

> If the borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage service, a mortgage service, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding the borrower's eligibility for the requested foreclosure prevention alternative.

*Id.* Section 2924.11(b) requires a mortgage servicer to send written notice to a borrower if it denies the borrower's loan modification application. The section provides:

> Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying with specificity the reasons for the denial and shall include a statement that the borrower may obtain additional documentation supporting the denial decision upon written request to the mortgage servicer.

Cal. Civ. Code § 2924.11(b).

Plaintiff alleges that he submitted a timely and "complete loan modification application" prior to recordation of the September 20, 2018 Notice of Trustee Sale but did not receive a written decision on his application prior to the Notice. (Dkt. No. 1, Ex. A at ¶¶ 35-40.) Plaintiff asserts that Defendants' conduct violated sections 2924.11(a),(b).

Defendants argue that Plaintiff's HBOR claim must be dismissed because: (1) Plaintiff "defaulted on a confirmed Chapter 13 Plan, as supplemented"; (2) Wells Fargo reviewed and

6

denied Plaintiff's application for a loan modification in 2017 and he "is not entitled to another review"; (3) Plaintiff fails to plead sufficient facts showing that his loan modification application was "complete"; and (4) "[P]laintiff fails to plead a 'material' violation of Civil Code § 2924.11." (Dkt. No. 7 at 2.) The Court addresses each argument in turn and concludes that dismissal of this claim with leave to amend is warranted.

### A. Effect of Chapter 13 Plan Default

Defendants argue that Plaintiff's HBOR claim fails because Plaintiff defaulted on the Chapter 13 Plan, and section 2924.11(d)(1) acts as an exception in such circumstances to the requirements under section 2924.11(a). Section 2924.11(d) provides:

> If a foreclosure prevention alternative is approved in writing after the recordation of a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale under either of the following circumstances:
>
> (1) *The borrower is in compliance with the terms of a written trial or permanent loan modification forbearance, or repayment plan*.
>
> (2) A foreclosure prevention alternative has been approved in writing by all parties, including, for example, the first lien investor, junior lienholder, and mortgage insurer, as applicable, and proof of funds or financing has been provided to the servicer.

Cal. Civ. Code § 2924.11(d) (emphasis added). Defendants assert that the Chapter 13 Plan constitutes both a "repayment plan" and "forbearance" plan under section 2924.11(d)(1), and because Plaintiff was *not* in compliance with the terms of the Plan but instead undisputedly defaulted, Defendants *could* record notice of a trustee's sale. At this stage, however, the Court cannot conclude on the record before it that Plaintiff's HBOR claim is barred as a matter of law.

Section 2924.11(d) contemplates a situation where "a foreclosure prevention alternative is approved in writing after the recordation of a notice of default." Section 2920.5 defines "foreclosure prevention alternative" as "a first lien loan modification or another available loss mitigation option." Cal. Civ. Code § 2920.5. The Chapter 13 Plan appears to fit that definition. Further, the bankruptcy court confirmed the Chapter 13 Plan in writing after the recordation of the notice of default in September 2013. (*See* Dkt. No. 8, Exs. 4 & 7.) It is also undisputed that Plaintiff defaulted on the Chapter 13 Plan and was thus not in compliance with the terms of the

7

Plan. (Dkt. No. 1, Ex. A at ¶¶ 21-22; *see also* Dkt. No. 8, Ex. 12.)

The Court is not convinced, however, that section 2924.11(d)(1) acts as an exception to the requirements under section 2924.11(a). In other words, the Court cannot conclude as a matter of law that section 2924.11(d)(1) bars a claim where a party submits an allegedly complete loan modification application *after* defaulting on a Chapter 13 Plan. Defendants acknowledge that they are "not aware of any California Supreme Court or Court of Appeal decision interpreting Civil Code § 2924.11 (2018)," (*see* Dkt. No. 17 at 5), and instead, cite cases in this circuit interpreting HBOR's pre-2018 provisions under former Civil Code § 2923.6(c)(3),[9] (*see* Dkt. No. 7 at 11-12). In the absence of on point authority and given the California Legislature's use of prohibitory language in section 2924.11(d) instead of the affirmative language found in former section 2923.6, the Court declines to conclude as a matter of law that Plaintiff's claim is barred based on his Chapter 13 Plan default.

### B. 2017 Review and Denial of Loan Modification

Defendants also insist that Plaintiff's HBOR claim must be dismissed because his previous application for a loan modification was denied in March 2017. (*See* Dkt. No. 7 at 13 (citing Dkt. No. 8, Ex. 5).) Defendants' argument is based on the purported March 2017 denial letter, of which the Court has declined to take judicial notice. Plaintiff's complaint makes no reference to the purported March 2017 denial. Thus, Defendants' argument constitutes a factual dispute that is inappropriate at this stage.

### C. Completeness of Loan Modification Application

Section 2924.11(f) provides:

> For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all the documents required by the mortgage servicer within the

---

[9] Former Cal. Civ. Code § 2923.6(c)(3) provides, in pertinent part: "If a borrower submits a complete application for a first lien loan modification . . . [the holder of the deed of trust] shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending . . . until any of the following occurs: (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification." *Smith v. Wells Fargo Bank, N.A.*, No. 15-cv-01779-YGR, 2016 WL 283521, at *3 (N.D. Cal. Jan. 25, 2016) (dismissing HBOR dual tracking claim based on plaintiff's default on previously modified loan).

8

reasonable timeframes specified by the mortgage servicer.

Cal. Civ. Code § 2924.11(f). Plaintiff alleges that prior to the September 20, 2018 recordation of the Notice of Trustee Sale, Plaintiff completed his loan modification application "in its entirety and returned it to [Wells Fargo] with all requested documents in a timely manner." (Dkt. No. 1, Ex. A at ¶ 34.) Plaintiff furthers alleges that he "submit[ed] a complete loan modification application initially when [Wells Fargo] requested it to the satisfaction of Cal. Civ. Code § 2924.11(f)," however, Wells Fargo "continued to request documents from Plaintiff." (*Id.* at ¶ 35.) Plaintiff alleges that he "responded promptly and diligently by submitting to [Wells Fargo] the documents that it requested." (*Id.* at ¶ 36.)

Defendant argues that Plaintiff's allegations regarding the completeness of his application are conclusory and fail to provide adequate factual support for his claim. The Court agrees. Plaintiff merely alleges that his application was "complete" for purposes of section 2924.11(f) and provides no factual support (i.e., what documents were required and initially submitted, and what additional documents were requested and submitted). Such allegations are wholly conclusory. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that on motion to dismiss, "a formulaic recitation of the elements of a cause of action" are not sufficient to state a plausible claim for relief).

Indeed, district courts in this circuit have rejected similarly bald assertions regarding the completeness of loan modification applications for purposes of HBOR claims. *See, e.g., Tatiano v. Wells Fargo Bank, N.A.*, No. 18-cv-03924-NC, 2018 WL 5849005, at *4 (N.D. Cal. Nov. 5, 2018) (finding insufficient the plaintiffs' allegation "that they have submitted 'all financial documentation and information which included all of the documentation that [d]efendant requested from [p]laintiffs.'"); *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1111 (E.D. Cal. 2015) ("[T]he assertions that the applications were 'complete' are conclusions, rather than factual allegations, and not entitled to the presumption of truth."); *Saridakis v. JPMorgan Chase Bank*, No. CV 14-06279 DDP (Ex), 2015 WL 570115, at *2 (C.D. Cal. Feb. 11, 2015) (rejecting as conclusory the plaintiff's allegation that he "'submitted a completed, legible and satisfactory loan modification application' to [defendant]."); *Stokes v. CitiMortgage, Inc.*, No.

CV 14-00278 BRO (SHx), 2014 WL 4359193, at *7 (C.D. Cal. Sept. 3, 2014) ("A bald allegation that a party submitted 'complete' loan modification applications—without sufficient supporting factual allegations—is a conclusory statement, and the Court does not rely on such assertions"). In comparison, the court in *Gilmore v. Wells Fargo Bank N.A.*, concluded that the plaintiff "alleged facts sufficient to support his allegation that he had a complete loan modification application pending," where the plaintiff:

> [A]lleges that, prior to [the recording of the notice of sale], he attended a home preservation workshop hosted by Wells Fargo. He alleges that he prepared all the required loan modification documents prior to the workshop, in accordance with a checklist promulgated by Wells Fargo. Furthermore, he alleges that he spoke to [a] Wells Fargo's employee who both accepted the application and told him the application was complete.

75 F. Supp. 3d 1255, 1263 (N.D. Cal. 2014). In the absence of any factual allegations regarding the completeness of Plaintiff's loan modification application as opposed to conclusions, Plaintiff's claim fails.

### D. "Material" Violation of the HBOR

A plaintiff must demonstrate a "material violation" of section 2924.11 to impose liability under the HBOR. *See* Cal. Civ. Code §§ 2924.12(a) (pre-foreclosure sale),(b) (post-foreclosure sale). No statute or California state court has defined materiality for purposes of section 2924.12, however, courts examining this issue have concluded that a violation is "material" if it is plausible that the violation "affected a plaintiff's loan obligations or the modification process." *See, e.g.*, *Cornejo*, 151 F. Supp. 3d at 1113 (collecting cases); *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869-71 (N.D. Cal. 2017) (agreeing that a "material violation" is one that affects the plaintiff's loan obligations or the loan modification process).

Defendants argue that Plaintiff fails to adequately allege a "material" violation of the HBOR because Plaintiff "alleges no action or forbearance taken . . . in reliance on his submission of yet another loan modification application." (Dkt. No. 7 at 16.) The Court agrees. Although Plaintiff *could* have been harmed by Defendants' conduct, *see Travis v. Nationstar Mortg., LLC*, 733 Fed. App'x. 371, 375 (9th Cir. 2018) ("[E]ven though HBOR does not require servicers to provide borrowers with loan modifications or any other specific alternative to foreclosure,

10

[plaintiff] still could have been harmed by [defendant's] failure to communicate with them about the status of their loan modification application and about other alternatives to foreclosure"), there are no allegations in support of such an inference.

The complaint alleges that because of Defendants' violation of 2924.11(a), "Plaintiff has suffered and continues to suffer damages, *including the active foreclosure of Plaintiff's home*, Plaintiff's legal fees, and foreclosure fees, in addition to emotional distress, frustration, fear, anger, helplessness, nervousness, and anxiety." (Dkt. No. 1, Ex. A at ¶ 41 (emphasis added).) Setting aside that Plaintiff may only seek injunctive relief under the HBOR because the foreclosure sale has not taken place, his allegation is insufficient to show a material violation. It is undisputed that Plaintiff defaulted on the Chapter 13 Plan. Thus, foreclosure was imminent before Plaintiff submitted his loan modification application. Plaintiff alleges no facts giving rise to a reasonable inference that any "foreclosure alternatives [Plaintiff] would have sought, had [he] received an answer to [his] application from [Wells Fargo] would have avoided or reduced the damages [he] alleges." *See Travis*, 733 Fed. App'x at 376 (finding allegations insufficient to survive motion to dismiss where the plaintiffs merely alleged that "if they 'were denied for a loan modification they would have . . . sought some other type of foreclosure alternative such as a standard sale of the property.'"). In other words, Plaintiff provides no factual allegations supporting a plausible inference that Defendants' purported violation of Section 2924.11 affected his loan obligations or the loan modification process. *See Cardenas*, 281 F. Supp. 3d at 869-71. Because Plaintiff fails to plead a material violation of the HBOR, his claim fails.

*\*\*\**

The Court grants Defendants' motion to dismiss Plaintiff's HBOR claim because Plaintiff fails to plausibly allege both that his loan modification application was complete prior to the issuance of the September 20, 2018 Notice of Trustee's Sale, and that Defendants' alleged conduct constitutes a "material" violation of the HBOR. The Court dismisses this claim with leave to amend because it could "be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

//

## II. Rosenthal Fair Debt Collection Practices Act

Plaintiff's second cause of action alleges a violation of section 1788.17 of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Section 1788.17 provides, pertinent part:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17. Section 1692 *et seq.* of Title 15 of the United States Code contains the Fair Debt Collection Practices Act ("FDCPA"). The Ninth Circuit has characterized California's RFDCPA as the "state version of the FDCPA." *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (noting that "[t]he Rosenthal Act mimics or incorporates by reference the FDCPA's requirements, including those described above, and makes available the FDCPA's remedies for violations.") (citing Cal. Civ. Code § 1788.17). Plaintiff's complaint alleges specific violations of sections 1692d, 1692e, and 1692f of the FDCPA, and section 1788.10(e) of the RFDCPA.

Defendants assert that dismissal of Plaintiff's second cause of action is warranted because: (1) Sections 1692d-e of the FDCPA "do not apply to nonjudicial foreclosure"; (2) Plaintiff fails to plead a violation of section 1692f of the FDCPA; and (3) section 1788.10(e) of the RFDCPA "cannot be injected into [California's] 'comprehensive and exhaustive' statutory foreclosure scheme." (Dkt. No. 7 at 2.) The Court addresses each argument in turn.

### A. Violations of 15 U.S.C. §§ 1692d-e

Section 1692d of the FDCPA prohibits debt collectors from engaging in harassment or abuse of borrowers. 15 U.S.C. § 1692d. Plaintiff alleges that "Defendant engaged in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692(d) [sic]." (Dkt. No. 1, Ex. A at ¶ 49.)

Section 1692e prohibits debt collectors from using any false or misleading representations "in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff alleges that Wells Fargo "mislead [sic] Plaintiff as to available alternatives to foreclosure and about the status of his foreclosure alternative application review." (Dkt. No. 1, Ex. A at ¶ 51.)

Defendants assert that dismissal is warranted because sections 1692d and 1692e do not cover nonjudicial foreclosure. The Court agrees. The Ninth Circuit has held that "while the FDCPA regulates security interest enforcement activity, it does so only through Section 1692f(6). As for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt." *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (affirming dismissal of claims under sections 1692d and 1692e involving enforcement of a security interest and nonjudicial foreclosure (citing *Ho v. ReconTrust Co.*, 840 F.3d 618 (9th Cir. 2016))).

Accordingly, the Court dismisses Plaintiff's claims under sections 1692d and 1692e with prejudice because they are unavailable as a matter of law. *See Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) ("[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.") (internal quotation marks and citation omitted).

### B. Violation of 15 U.S.C. § 1692f

Section 1692f of the FDCPA prohibits a debt collector from engaging in "unfair practices" in the collection of any debt. 15 U.S.C. § 1692f. Plaintiff alleges that Wells Fargo violated section 1692f because it "has attempted or is currently attempting to force Plaintiff into foreclosure as a means of collecting on the debt allegedly owed to it despite having a duty to fairly review Plaintiff for a foreclosure prevention alternative." (Dkt. No. 1, Ex. A at ¶¶ 52-53.)

As discussed above, the FDCPA regulates nonjudicial foreclosure and "security interest enforcement activity . . . *only* through Section 1692f(6)." *See* Dowers, 852 F.3d at 970 (emphasis added). Section 1692f(6) prohibits:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. 1692f(6). Defendants argue that Plaintiff fails to "plead facts showing any of the above

13

elements," and the bankruptcy court filings "contradict any such attempted pleading." (Dkt. No. 7 at 11.) The Court agrees. The First Amended Chapter 13 Plan, dated August 24, 2017, states that Plaintiff owed $90,000 in arrears to Wells Fargo, (Dkt. No. 8, Ex. 6), and the bankruptcy court confirmed that plan, (Dkt. No. 8, Ex. 7). Thus, elements (A)-(C) of section 1692(f)(6) are inapplicable to the facts of this case because: (A) Wells Fargo has a present right to possession of the property through an enforceable security interest; (B) Wells Fargo has a present intention to take possession of the property; and (C) the property is not exempt by law from such dispossession or disablement.

In opposition, Plaintiff offers no specific argument regarding section 1692f(6), stating only that "Defendants make no showing that the RFDCPA is subject to the conditions of 15 U.S.C. 1692f(6) or subject to the limitations of 15 U.S.C. 1692f(6)(A)-(D) [sic]." (Dkt. No. 13 at 9.) Plaintiff is wrong. As discussed above, Defendants have made such a showing. Further, Plaintiff's argument is perplexing, given that the complaint expressly alleges a violation of 15 U.S.C. § 1692f. (*See* Dkt. No. 1, Ex. A at ¶¶ 52-53.)

Given the facts presented in the bankruptcy court filings, Plaintiff cannot cure the defects in his complaint related to this claim. Accordingly, the Court dismisses Plaintiff's claim under 15 U.S.C. § 1692f with prejudice.

### C.     Violation of Cal. Civ. Code § 1788.10(e)

Section 1788.10(e) of the RFDCPA prohibits:

> The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law[.]

Cal. Civ. Code § 1788.10(e). Plaintiff alleges that Wells Fargo's "use of a Notice of Trustee Sale on Plaintiff's home, despite the prohibition against dual tracking stated above [under the HBOR claim], [is] in violation of Cal. Civ. Code § 1788.10(e)." (Dkt. No. 1, Ex. A at ¶ 54.) Defendants argue that Plaintiff's claim is deficient because he "is trying to shoehorn" section 1788.10(e) "into California's nonjudicial foreclosure statutory scheme" under the HBOR. (Dkt. No. 7 at 18 (citing *Moeller v. Lien*, 25 Cal. App. 4th 822, 830, 834 (Cal. Ct. App. 1994) (noting that "Civil Code

14

sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust," and it "is intended to be exhaustive.")).)

The Court agrees that Plaintiff's section 1788.10(e) claim is deficient because it is based on Defendants' initiation of foreclosure proceedings.[10] Courts in this district have recognized that "foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA." *See Collins v. Power Default Servs., Inc.*, No. 09-4838 SC, 2010 WL 234902, at *3 (N.D. Cal. Jan. 14, 2010) (collecting cases); *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009) ("[F]oreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA."). Because Plaintiff's section 1788.10(e) claim arises out of Defendants' foreclosure efforts, it is not covered under the RFDCPA.

Plaintiff's reliance on *Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283 (Cal. Ct. App. 2018) is misplaced. In Davidson, the court held that the RFDCPA's "definition of 'debt collector' applies to a mortgage servicer who engages in debt collection practices in attempting to obtain repayment of a mortgage debt." 21 Cal. App. 5th at 304 (concluding "that the trial court improperly sustained the defendants' demurrer on the ground that the Act does not apply to mortgage servicers."). The court's holding in *Davidson* is in line with courts in this district who have distinguished between claims against mortgage servicers based on their efforts to collect on a mortgage loan, which are covered under the RFDCPA, and claims against mortgage servicers based on their efforts to foreclose on the subject property, which are not. *See Mohanna v. Carrington Mortg. Servs. LLC*, 18-cv-02563-WHO, 2018 WL 3730419, at *4 (N.D. Cal. Aug. 6, 2018) ("[S]teps a mortgage servicer takes with respect to foreclosure cannot be debt collection under the RFDCPA but [a mortgage servicer's] affirmative efforts to collect on a mortgage debt can be 'debt collection' covered by the RFDCPA." *See Guccione v. JPMorgan Chase Bank, N.A.*,

---

[10] Affinia, as trustee of the deed of trust, is exempt from liability under the RFDCPA. *See Mohanna v. Carrington Mortg. Servs. LLC*, 18-cv-02563-WHO, 2018 WL 3730419, at *4 (N.D. Cal. Aug. 6, 2018) ("[T]he California legislature has expressly exempted trustees of deeds of trust from liability under the RFDCPA." (citing Cal. Civ. Code § 2924(b); *ReconTrust Co., NA*, 840 F.3d at 638 n.8)).

15

3:14-CV-04587 LB, 2015 WL 1968114, at *14 (N.D. Cal. May 1, 2015) (collecting cases concluding that mortgage servicers can be considered debt collectors when collecting on a mortgage loan).").

Plaintiff's claim under section 1788.10(e) alleges that Defendants' "use of a Notice of Trustee Sale on Plaintiff's home" violated the RFDCPA. Thus, the conduct underlying Plaintiff's claim concerns Defendants' efforts to foreclose on Plaintiff's home, and not Wells Fargo's "attempt[s] to obtain repayment of a mortgage debt," *see Davidson*, 21 Cal. App. 5th at 304. The challenged conduct is thus not covered under the RFDCPA.

Accordingly, the Court dismisses Plaintiff's section 1788.10(e) claim with prejudice because it is unavailable as a matter of law.

### III. Unfair Competition Law

Plaintiff's third cause of action alleges violations of California's Unfair Competition Law ("UCL"). The UCL prohibits, and provides civil remedies for, "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002).

To satisfy the standing requirements under the UCL, a plaintiff must demonstrate that: (1) he suffered an injury in fact, (2) he lost money or property, and (3) the economic injury was caused by the defendant's conduct. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 326 (2011); Cal. Bus. & Prof. Code § 17204. The "lost money or property" element requires that a plaintiff "demonstrate some form of economic injury." *Kwikset Corp.*, 51 Cal. 4th at 323. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at 327.

Defendants argue that dismissal is warranted because: (1) Plaintiff "lacks standing to sue because he has not suffered 'injury in fact'"; and (2) Plaintiff fails to adequately allege causation. (Dkt. No. 7 at 2.) Defendants' first argument is unavailing. At this stage of the proceedings, the impending foreclosure is enough to establish injury under the UCL. *See Galang v. Wells Fargo Bank, N.A.*, No. 16-cv-03468-HSG, 2017 WL 1210021, at *6 (N.D. Cal. Apr. 3, 2017)

16

(concluding that impending foreclosure was sufficient to show cognizable injury for purposes of UCL (citing *Sullivan v. Washington Mut. Bank, FA*, No. C-09-2161 EMC, 2009 WL 3458300, at *4-5 (N.D. Cal. Oct. 23, 2009) (same))); *see also Rabb v. BNC Mortg., Inc.*, No. CV 09-4740 AHM (RZx), 2009 WL 3045812, at *2 (C.D. Cal. Sept. 21, 2009) (same).

The Court agrees, however, that Plaintiff has failed to adequately allege causation. The complaint alleges no facts giving rise to a reasonable inference that Plaintiff's injury—impending foreclosure—was caused by Defendants' conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."). The complaint instead acknowledges that Plaintiff filed for bankruptcy and obtained a confirmed Chapter 13 Plan, defaulted on that Plan, and Wells Fargo initiated foreclosure proceedings *after* that default. Although Plaintiff alleges that he "was unable to continue making payments" under the Chapter 13 Plan "because of [Wells Fargo's] continued threats of foreclosure," (see Dkt. No. 1, Ex. A at ¶ 21), that allegation is conclusory, and refuted by the bankruptcy court filings.[11] Because Plaintiff fails to plausibly allege a causal link between Defendants' conduct and his injury, his UCL claim must fail. *See Amer v. Wells Fargo Bank, N.A.*, No. 17-cv-03872-JCS, 2017 WL 4865564, at *12-13 (N.D. Cal. Oct. 27, 2017) (dismissing UCL claim for lack of standing where plaintiff failed to show causation by alleging no conduct by defendant "contributing to his initial default," but instead, "allege[d] that he defaulted on his loan because he began to experience financial hardship . . . and began falling behind on [his] mortgage payments"); *see also DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) (same).

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's UCL claim because Plaintiff fails to demonstrate standing under the UCL.

//

//

---

[11] Plaintiff's September 2018 declaration in support of his First Amended Application to Modify Chapter 13 Plan states, in pertinent part: "The reason for the modification of the Chapter 13 plan is that my income has reduced. I have been on temporary disability since September 2017 and it is unknown when I will return to work." (Dkt. No. 8, Ex. 10 at ¶ 3.)

17

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss. The Court dismisses Plaintiff's first cause of action under the HBOR and third cause of action for violation of the UCL with leave to amend. The second cause of action is dismissed with prejudice. Plaintiff's amended complaint shall be filed within 20 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: December 28, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge