UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BATIESTE GREENE, JR., <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., et al., <br><br> Defendants. | Case No. 18-cv-06689-JSC <br><br> **ORDER RE: DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. No. 44 |

John Batieste Greene, Jr. ("Plaintiff") sued Wells Fargo Bank, N.A. ("Wells Fargo") and Affinia Default Services, LLC ("Affinia") (together, "Defendants") in the Superior Court of the State of California for the County of Contra Costa, alleging violations of California state law arising out of foreclosure proceedings.[1] (Dkt. Nos. 1 & 41 at ¶ 1.)[2] Defendant Wells Fargo timely removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(b). (Dkt. No. 1.) Plaintiff alleges that Defendants violated the California Homeowner Bill of Rights and California's Unfair Competition Law when they recorded a Notice of Trustee's Sale on his house while he was undergoing a loan modification review. (Dkt. No. 41.) Defendants' motion to dismiss the second amended complaint is now pending before the Court. (Dkt. No. 44.) At oral argument, the parties agreed that Wells Fargo is no longer the loan servicer and as such, has no control over the subject property. After careful consideration of the parties' briefing and oral argument, the Court GRANTS Defendants' motion to dismiss without leave to amend.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9, 11, 14.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

## BACKGROUND

**I. Complaint Allegations**

The gravamen of Plaintiff's complaint is that Defendants improperly initiated foreclosure proceedings while "Plaintiff was undergoing loan modification review." (Dkt. No. 41 at ¶ 1.) Plaintiff has at all times owned the subject property located at 1795 Meadows Avenue, Pittsburg, CA 94565.[3] (*Id.* at ¶ 3.) In November 2005, Plaintiff obtained a loan of $599,000 from World Savings Bank, FSB, secured by a deed of trust. (Dkt. No. 45-1, Ex. 1.) Effective December 31, 2007, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB. (*Id.*, Ex. 2.) The loan was assigned to Wells Fargo in 2009 following a corporate merger. (Dkt. No. 41 at ¶ 11; *see also* Dkt. No. 45-1, Exs. 1-3.)

In 2011, Plaintiff entered into a loan modification agreement with Wells Fargo. (Dkt. No. 41 at ¶ 37.) On September 23, 2013, the trustee recorded a Notice of Default against the subject property. (Dkt. No. 45-1, Ex. 5.) In or around 2015, Plaintiff experienced financial hardship and was forced to file for bankruptcy. (Dkt. No. 41 at ¶¶ 13-14.) At some later time, Plaintiff again experienced financial hardship and was forced to file for bankruptcy a second time on July 25, 2017. (Dkt. No. 45-1, Ex. 9; *see also id.* at ¶ 18.) On January 4, 2018, the bankruptcy court granted Plaintiff and Wells Fargo's Stipulation for Adequate Protection Re: Motion for Relief from Automatic Stay. (Dkt. No. 45-1, Ex. 6.) Thereafter, Plaintiff was unable to make payments under the Chapter 13 Bankruptcy Plan and Wells Fargo sent him a Notice of Default. (*Id.*, Ex. 7.) The bankruptcy court subsequently granted Wells Fargo relief from automatic stay on August 1, 2018. (Dkt. Nos. 41 at ¶¶ 21-22 & 45-1, Ex. 8.)

Plaintiff then completed a mortgage assistance application form, which he submitted to Wells Fargo with a number of documents in or around August 2018. (*Id.* at ¶¶ 59-87.) On September 20, 2018, Wells Fargo recorded a Notice of Trustee's Sale, indicating that Plaintiff was

---

[3] The current status of the property is unclear, however, the Second Amended Complaint alleges that Plaintiff is still the owner, (*see* Dkt. No. 41 at ¶ 3), and at oral argument Plaintiff confirmed that he still resides at the property. The bankruptcy case was closed on February 6, 2019. (Dkt. No. 45-1, Ex. 9.)

in default under the Deed and a public auction would take place on October 22, 2018 unless Plaintiff took corrective action. (*Id.* at ¶ 32; *see also* Dkt. No. 45-1, Ex. 11.)

## II. Procedural Background

Plaintiff filed his Complaint in Contra Costa County Superior Court on October 17, 2018, seeking injunctive relief and monetary damages arising out of foreclosure proceedings. (Dkt. No. 1, Ex. A at 12.) On November 2, 2018, Wells Fargo removed the action to this Court, (Dkt. No. 1), and Affinia consented to removal, (Dkt. No. 3). The Court granted Defendants' motion to dismiss the original complaint on December 28, 2018, granting leave to amend as to Plaintiff's claims under the California Homeowner Bill of Rights and the Unfair Competition Law, and dismissing with prejudice Plaintiff's claim under the Rosenthal Fair Debt Collection Practices Act. (Dkt. No. 20.)

Plaintiff filed the First Amended Complaint ("FAC") on January 24, 2019, reasserting his claims under the California Homeowner Bill of Rights and the Unfair Competition Law. (Dkt. No. 22.) Defendants moved to dismiss thereafter. (Dkt. Nos. 28 & 30.) The Court granted Defendants' motion to dismiss the first amended complaint on March 25, 2019, with leave to amend. (Dkt. No. 36.)

Plaintiff filed the Second Amended Complaint ("SAC") on April 15, 2019, reasserting the same claims. (Dkt. No. 41.) Defendants moved to dismiss thereafter. (Dkt. Nos. 44 & 46.) The motion is fully briefed, (Dkt. Nos. 47-49), and the Court heard oral argument on June 20, 2019. At oral argument, the parties agreed that Wells Fargo is no longer the servicer on the loan and does not have control over the property.[4]

//
//
//

---

[4] Plaintiff filed a separate action in Contra Costa County Superior Court against the current loan lender, U.S. Bank, N.A., the current loan servicer, Fay Servicing, LLC, and the current trustee of the loan, Affinia Default Services, LLC. The defendants removed the case to this Court, and the Court subsequently remanded the action for lack of subject matter jurisdiction. *See Greene v. Fay Serv'g*, No. 3:19-cv-01073-JSC, Dkt. Nos. 1-1 at ¶¶ 4-6 & 47.

3

**LEGAL STANDARD**

**I. Mootness**

"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Thus, courts must raise issues concerning subject matter jurisdiction, which include mootness, sua sponte. *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002). Courts may look beyond the pleadings for purposes of analyzing subject matter jurisdiction. *See* Fed. R. Civ. P. 12(d); *see also Foote v. Wells Fargo Bank, N.A.*, No. 15-cv-04465-EMC, 2016 WL 2851627, at *4 (May 16, 2016).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). In other words, the central issue in mootness is whether circumstances that existed at the time of filing the complaint have changed and forestalled the possibility of meaningful relief. A case is thus moot if a defendant voluntarily ceases the challenged conduct in a way that makes it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Adarand Constructors, Inc. v Slater*, 528 US 216, 221 (2000). The question is not whether there is *any* possible relief, but whether there can be any *effective* relief. *West v. Sec. of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000).

**II. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). When considering a motion to dismiss, a court accepts a plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere

4

conclusory statements." *Twombly,* 550 U.S. at 555. Thus, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient, as is a complaint that "tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

**REQUEST FOR JUDICIAL NOTICE**

Defendants request judicial notice of eleven documents, ten of which they have previously submitted in support of their motion to dismiss the original complaint. (*See* Dkt. Nos. 8 & 45.) The Court granted judicial notice of those documents pursuant to Federal Rule of Evidence 201(b) because they are undisputed matters of public record. (*See* Dkt. No. 20 at 4-5.) Defendants also request judicial notice of the docket from the bankruptcy proceedings (United States Bankruptcy Court, Northern District of California Case No. 17-41903). Plaintiff does not oppose judicial notice of any of the exhibits or otherwise dispute their authenticity. The Court grants judicial notice of those documents pursuant to Federal Rule of Evidence 201(b). *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts") (internal citation omitted).

Plaintiff requests judicial notice of: (A) Plaintiff's Second Amended Complaint (Dkt. No. 41); (B), (D)-(I) filings in the United States Bankruptcy Court, Northern District of California Case No. 17-41903; and (C) the docket from the bankruptcy case. The Court grants judicial notice of these documents pursuant to Federal Rule of Evidence 201(b), because the Court already assesses the pleadings when evaluating a motion to dismiss, and as noted above, the bankruptcy records are matters of public record.

**DISCUSSION**

Plaintiff brings two causes of action against Defendants, seeking damages and injunctive relief for alleged violations of: (1) the California Homeowner Bill of Rights, California Civil Code § 2924.11; and (2) the Unfair Competition Law, California Business and Professions Code § 17200. As previously discussed, the parties agreed at the June 20, 2019 hearing that Wells Fargo is no longer the servicer on Plaintiff's loan, potentially rendering Plaintiff's claims moot. Thus,

5

the Court must evaluate mootness sua sponte and determine whether the Complaint must be dismissed due to mootness or failure to state a claim.[5] *See Bernhardt*, 279 F.3d at 871.

**I. Homeowner Bill of Rights**

Plaintiff's claim under the California Homeowner Bill of Rights ("HBOR") alleges specific violations of Sections 2924.11(a) and 2924.11(b). Section 2924.11(a) prohibits "dual tracking" in which a mortgage servicer pursues foreclosure while a borrower's "complete application for a foreclosure prevention alternative" is pending. Cal. Civ. Code § 2924.11(a). Section 2924.11(b) requires a mortgage servicer to send written notice to a borrower if it denies the borrower's loan modification application. Cal. Civ. Code § 2924.11(b).

The HBOR further provides that there are two possible situations in which relief may be granted. Under section 2924.12(a), "[i]f a trustee's deed of sale has not been recorded," then a plaintiff may get a temporary injunction until the alleged violation has been corrected. Cal. Civ. Code § 2924.12(a). "After a trustee's deed upon sale has been recorded," a plaintiff may be able to recover monetary relief. Cal. Civ. Code § 2924.12(b). "Thus, prior to sale, damages are not available under HBOR." *Foote*, 2016 WL 2851627, at *7.

Here, the complaint does not allege that the subject property has been foreclosed upon and at oral argument Plaintiff confirmed that he still resides at the property. (Dkt. No. 41 at ¶ 3.) Section 2924.12(a) thus applies because this is a pre-foreclosure case and the only remedy available to Plaintiff under the HBOR is an injunction. Cal. Civ. Code § 2924.12(a). As previously discussed, since this action was filed Wells Fargo has transferred the loan. *Greene*, No. 3:19-cv-01073-JSC, Dkt. No. 47. The Court therefore cannot enjoin Wells Fargo from foreclosing Plaintiff's home because it no longer has control over the property; thus, Plaintiff's HBOR claim against Wells Fargo is moot. *See Tuan Anh Le v. Bank of New York Mellon*, 152 F. Supp. 3d 1200, 1214 (N.D. Cal. 2015) (finding plaintiff's pre-foreclosure HBOR claim moot because defendant could not foreclose on a defective and expired notice of sale). Plaintiff's claim against Affinia is similarly moot because, "[w]hile it is the trustee who formally initiates the nonjudicial

---

[5] Plaintiff appeared to recognize at oral argument the HBOR claim is moot because the Court cannot grant the requested relief.

6

1 foreclosure . . . the trustee may take these steps only at the direction of the person or entity that currently holds the note and the beneficial interest under the deed of trust—the original beneficiary or its assignee." *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927, 365 P.3d 845, 850 (2016). Affinia cannot be enjoined from foreclosing on Plaintiff's house because it does not have decision-making authority as trustee—that power lies with the new lender. Thus, Plaintiff's HBOR claim is moot.

**II. Unfair Competition Law**

California's Unfair Competition Law ("UCL") prohibits, and provides civil remedies for, "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff's second claim alleges Defendants participated in unfair business practices, including negligent and intentional misrepresentations and a refusal to deal in good faith, thereby violating the UCL. (Dkt. No. 41 at ¶¶ 123-25.)

To have standing to sue under the UCL, a plaintiff must show that: (1) he suffered an injury in fact, (2) he lost money or property, and (3) the economic injury was caused by the defendant's conduct. Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 326 (2011). The "lost money or property" element requires that a plaintiff "demonstrate some form of economic injury." *Kwikset Corp.*, 51 Cal. 4th at 323. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at 327.

As discussed in the Court's prior orders dismissing the original Complaint and the FAC, the first two elements are not in dispute because Plaintiff has sufficiently pled an economic injury based on the impending foreclosure. (*See* Dk. Nos. 20 at 16 & 36 at 15 (citing *Galang v. Wells Fargo Bank, N.A.*, No. 16-cv-03468-HSG, 2017 WL 1210021, at \*6 (N.D. Cal. Apr. 3, 2017) (concluding that impending foreclosure was sufficient to show cognizable injury for purposes of UCL)).) Defendants argue that dismissal of the UCL claim is nonetheless warranted because Plaintiff again fails to adequately allege causation of injury. The Court agrees. Plaintiff repeats his causation allegations verbatim between the FAC and the SAC. (*Compare* Dkt. No. 22 at ¶¶

62-63 *with* Dkt. No. 41 at ¶¶ 130-31.) Thus, the SAC fails to cure the deficiencies outlined in the Court's March 25, 2019 Order, and the Court's previous analysis applies.

Both the FAC and the SAC make the conclusory allegations that Plaintiff "was harmed economically by suffering an increase in the arrears on his loan balance by Defendants' delay in rendering a written determination on his loss mitigation application," and that "Plaintiff would not have suffered this harm but for Defendants' unfair, fraudulent, and unlawful conduct as those terms are defined under the UCL." (Dkt. Nos. 22 at ¶¶ 62-63 & 41 at 130-31.) These allegations do not reasonably support the inference that any delay in reaching a decision on Plaintiff's loan modification application *caused* the impending foreclosure because the SAC acknowledges that Plaintiff filed for bankruptcy and obtained a confirmed Chapter 13 Plan, defaulted on that Plan, and Wells Fargo initiated foreclosure proceedings *after* that default. (Dkt. No. 41 at ¶¶ 56-57.) *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged"). The SAC alleges that Wells Fargo caused Plaintiff to default on his bankruptcy plan, but even when that conclusory allegation is accepted as true, that allegation does not create a plausible inference that Wells Fargo's delay in reviewing Plaintiff's modification application caused the impending foreclosure. As the Court has explained before:

> Plaintiff fails to allege that notwithstanding the financial hardship that led him to default on his bankruptcy plan, he would have qualified for a loan modification that he could have continued to pay to avoid foreclosure. *See Travis v. Nationstar Mortg., LLC*, 733 F. App'x. 371, 376 (9th Cir. 2018) (finding allegations insufficient where the plaintiffs failed to allege "how the foreclosure alternatives [they] would have sought, had they received an answer on their application from [the defendant], would have avoided or reduced the damages they allege.").

(Dkt. No. 36 at 16.) Plaintiff continues to make the conclusory allegations that Defendants caused the impending foreclosure while also acknowledging Wells Fargo only initiated foreclosure proceedings after Plaintiff had defaulted on his bankruptcy plan.

Additionally, the SAC fails to state a cognizable UCL claim with respect to relief. The UCL allows for injunctive relief and restitution, but not damages. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (Cal. 2003); *see also State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1110 (1996). Restitution under the UCL "is confined to restoration of any interest in 'money or property, real or personal, which may have been acquired by means of . . . unfair competition.'" *Kwikset Corp.*, 51 Cal. 4th at 120 (quoting Cal. Bus. & Prof. Code § 17203). The Court cannot give injunctive relief for the same reason as stated above; namely, that the Court cannot enjoin Wells Fargo, nor Affinia, from foreclosing on the property because Wells Fargo has transferred the beneficial interest in the loan. Additionally, the Court cannot order restitution because the SAC does not allege that Defendants have wrongfully taken money or property from Plaintiff in the context of his loan modification. *See Haynish v. Bank of Am., N.A.*, 284 F. Supp. 3d 1037, 1052 (N.D. Cal. 2018) (finding Plaintiff's claim for restitution failed because, while Plaintiffs claim harm "in the form of lost equity in their home and attorneys' fees… they fail[ed] to allege that any of the defendants *took* anything from them wrongfully") (emphasis added).

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's UCL claim because he fails to adequately plead causation of injury sufficient to confer standing to sue under the UCL and he has not plausibly alleged that he can obtain any relief under the Act.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss the SAC. As oral argument revealed, Wells Fargo is no longer the servicer on the loan, rendering Plaintiff's HBOR claim moot because the Court cannot provide any effective relief. Thus, the HBOR claim must be dismissed. Plaintiff's UCL claim fails because the SAC does not sufficiently allege standing and, even if the allegations were sufficient, the Court cannot provide effective relief due to the current status of the loan. The Court dismisses the UCL claim with prejudice because Plaintiff has now had two opportunities to correct the same deficiencies, and it does not appear that he is able to allege sufficient facts in support of his claims. Further, the Court's previous

9

order warned Plaintiff that failure to cure those deficiencies would likely result in dismissal with prejudice.

This Order disposes of Docket No. 44.

**IT IS SO ORDERED.**

Dated: July 17, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge